**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SIONE MATA'U, Defendant**

The District Court of American Samoa

TR No. 137217

March 16, 1994

Before District Court Judge WARD

Opinion:

This matter came on regularly before the Court on 11th of March 1994, upon Defendant's Motion To Suppress Evidence.

The Court heard testimony from the arresting officer, Officer Fuifatu and his supervisor, Inspector Mika Kelemete. At issue was whether or not the D.U.I. roadblocks conducted by the Department of Public Safety during the Christmas 1993, and New Years Holidays were in violation of the 4th Amendment search and seizure provisions.

The testimony from the police officers may be summarized as follows: The Christmas and New Years Day roadblocks were publicized in advance in the two local newspapers of the Territory. The roadblocks were at 3 locations and conducted from 6:00 p.m. to 6:00 a.m., as ordered in writing by the Commissioner of Public Safety. The locations were selected based upon public safety, officer safety, and space requirements. Each location was duly marked with traffic cones, reflectors, flashing lights and additional lighting provided by A.S.P.A., all officers were in uniform and the roadblocks conducted according to written procedures.

Every vehicle passing the roadblock was stopped and its driver briefly questioned by an officer. On average, such stops took 20 seconds each. In those instances where the driver, based upon the reasonable suspicion of the interviewing officer, was directed off the roadway for subsequent investigation by other uniformed officers, that investigation proceeded in the same fashion as a traffic stop. Driver's license and registration were required to be produced and, if during that process the Officer had reasonable grounds to proceed, field sobriety tests were conducted. The failure of which lead to an arrest for D.U.I. (A.S.C.A. § 22.0707).

In the 1993 - 1994, Holiday Season, no fatal traffic accidents related to alcohol were recorded. The roadblocks averaged 15% of the drivers passing through being arrested for D.U.I. In previous years when roadblocks were not in force alcohol related traffic fatalities in the Holiday season totaled three in 1991 and one in 1992.

Defendant contends that the 4th Amendment to the U.S. Constitution prohibits D.U.I. roadblocks as unreasonable, warrantless seizures unless the government has followed all of the procedures set forth in *Michigan*

153

*State Police v. Sitz*, 496 U.S. 44, 110 S. Ct 2481, 110 L. Ed.2d 412 (1990). The Government argues that only those procedures necessary to demonstrate that such seizures are not unreasonable, considering all of the circumstances, are required, and the Government has met that burden in the instant case.

## DISCUSSION AND OPINION

■ It is beyond dispute that a stop of a motor vehicle at a check point or roadblock is a seizure within the meaning of the 4th Amendment. The precise issue for the Court to decide in such cases is whether or not the seizure is *unreasonable*, and therefore, prohibited.

In the instant case, by either a subjective or objective measure, the intrusion upon the freedoms of the motoring public was slight. Most drivers passed through the roadblock in a brief period, the average interview taking 20 seconds. The questioning also appeared to the of low intensity - the Officers explaining the purpose of the roadblock and advising drivers to drive safety.

Although the Executive Branch, not the Court, had the authority to decide between alternative law enforcement approaches, the Court notes in passing that a 15% D.U.I. offense rate of drivers stopped at the roadblock, does provide empirical evidence in support of the roadblock as an effective tool in promoting highway safety.

■ The D.U.I. roadblock advanced a legitimate government interest with minimal intrusions upon the rights of the motoring public. Its effectiveness is borne out by the arrest rate and the decline in alcohol-related traffic accidents and fatalities. The procedures leading up to, and at, the roadblock demonstrate it was safety and uniformly conducted.

■ Although not all of the procedures used by the Michigan State Police, *(see Michigan State Police v. Sitz, supra)*, were used in the instant matter, there were substantial similarities in the local procedures utilized for the D.U.I. Roadblock. The Court notes, however, that the U.S. Supreme Court did not expressly require identical procedures be used in all roadblock or checkpoint situations. Judicial review proceeds from the determination of whether the seizure was reasonable, considering, and balancing the government's compelling interest in protecting the motoring public from alcohol related traffic accidents, with the individual's constitutional right to be free from unreasonable seizures.

154

The D.U.I. roadblock conducted by the Department of Public Safety was not prohibited by the 4th Amendment. Evidence obtained pursuant to this roadblock will not be suppressed solely because it was obtained as a result of the D.U.I. Roadblock.[1]

The motion is denied.

It is so ordered.

---

[1] The other cases affected by this decision are: UTC# 137339 (Junior Mageo); UTC# 136889 (Susana Correia); and UTC# 135723 (Tofi Taimanini).